Case 1:15-vv-00807-UNJ   Document 63   Filed 01/23/17   Page 1 of 3

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Originally Filed: December 2, 2016
Refiled in Redacted Form: January 23, 2017

```
* * * * * * * * * * * * *
M.M.,                         *
                              *    No. 15-807v
            Petitioner,       *    Special Master
                              *    Hamilton-Fieldman
v.                            *
                              *
SECRETARY OF HEALTH           *    Redaction; Adult Petitioner.
AND HUMAN SERVICES,           *
                              *
            Respondent.       *
* * * * * * * * * * * * *
```

## ORDER GRANTING AMENDED MOTION FOR REDACTION[1]

On July 29, 2015, Petitioner filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the Influenza ("Flu") Vaccination.

On October 14, 2016, the undersigned issued a decision granting Petitioner an award as contemplated in the Joint Stipulation of both parties, filed on October 11, 2016. On

---

[1] When this decision was originally filed the undersigned advised her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner filed a timely motion to redact certain information. This decision is being reissued with the redaction of Petitioner's name. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. §300aa-10 – §300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. §300aa.

October 18, 2016, Petitioner filed a motion to redact ("Pet'r's Mot. to Redact"), requesting that the undersigned redact all financial information from the October 14, 2016 decision.

On November 1, 2016, Petitioner filed a motion to amend/correct the motion to redact ("Pet'r's Mot. to Am. Mot. to Redact.") In that motion Petitioner stated that Respondent had advised Petitioner that she objected to redaction of the financial information. Pet'r's Mot. to Am. Mot. to Redact at 1. Accordingly, Petitioner moved to redact only her identifying information, presumably in the interest of privacy.

The Vaccine Act §12(d)(4)(B) determines when a decision of a special master may be redacted. Section 12(d)(4)(B) states a "decision of a special master or the court in a proceeding shall be disclosed" except when it contains "(i) a trade secret or commercial or financial information which is privileged and confidential, or (ii) medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy," and the person who submitted the information "objects to the inclusion of such information in the decision." Vaccine Rule 18(b) re-iterates the two instances where redaction of a decision is allowed and highlights the fact that "[i]n the absence of an objection, the entire decision will be made public." See also Rule 5.2 and Appendix E paragraph 26 of the Rules of the United States Court of Federal Claims ("RCFC") dealing with Privacy Protections for any filings made with the court.

In W.C. v. Secretary of Health & Human Services, Judge Lettow, reviewing a decision denying both compensation and petitioner's motion for redaction, found that, in certain instances, redacting an adult petitioner's name from a decision is appropriate. Judge Lettow held that "[t]he privacy provisions of the Vaccine Act should be construed in concert with the privacy provisions of [Freedom of Information Act] FOIA, which the Vaccine Act provisions manifestly mirror." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (Fed. Cl. 2011) aff'd, 704 F.3d 1352 (Fed. Cir. 2013) (The affirmance of the Federal Court of Appeals only focused on the compensation aspect of the W.C. decision and did not discuss the redaction issue.) Judge Lettow determined that in deciding whether to redact a person's information, it is appropriate to balance petitioner's privacy rights as contemplated in 5 U.S.C. § 552(b)(6) against the public purposes of the Vaccine Act, which are to compensate those injured by vaccines and to disseminate information to the public about vaccines. W.C., 100 Fed. Cl. at 460. (Referencing H.R. Rep. No. 99–908, at 1 (1986) and S. Rep. No. 99–483, at 18 (1986)). While the undersigned is not bound by the holding in W.C., she does find it persuasive and as such, adopts the reasoning of Judge Lettow in W.C. See Hanlon v. Secretary of Health and Human Services, 40 Fed. Cl. 625, 630 (1998).

In the matter currently before the undersigned, Petitioner filed an amended motion to redact the undersigned's decision, requesting that only her name be redacted from the decision awarding compensation to Petitioner. Petitioner did not request redaction of other information, such as Petitioner's medical condition or the vaccine claimed to have caused Petitioner's injury. Such information, in general, would not be redacted as it is considered

to be a finding of fact under §12(d)(3)(A)(i) of the Vaccine Act and is in line with one of the public purposes of the Act, to disseminate information to the public about vaccines. The undersigned is redacting Petitioner's name from her previous decision based on a finding of a legitimate privacy interest for Petitioner. Financial compensation and other factual findings of this case are maintained in the redacted form of the decision, as the undersigned finds that Petitioner's privacy interest does not outweigh the purposes of the Vaccine Act.

The undersigned hereby **GRANTS** Petitioner's amended motion for redaction. An amended decision redacting Petitioner's name will be issued forthwith.

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman  
Lisa Hamilton-Fieldman  
Special Master